

November 21, 2012

Kotchen & Low LLP
2300 M Street NW, Suite 800
Washington, DC 20037
Attention: Daniel L. Low, Esq.

RE: Computer Forensic Services – In re Delta / AirTran Baggage Fee Antitrust Litigation

Dear Mr. Low:

This letter will confirm the terms of the engagement of our firm, Precision Discovery, LLC ("Precision Discovery" or "PD") by Kotchen & Low LLP ("Law Firm" or "Counsel").

We have been asked to perform computer forensic services in the matter of In Re Delta/AirTran Baggage Fee Antitrust Litigation, MDL 2089. If you desire a report, opinion or testimony on a matter, we will need to perform those procedures that we consider necessary to express a professional conclusion. The scope of services may change during the course of this engagement. We will discuss any variations with you prior to implementation.

Precision Discovery does not provide compilation, review, or audit of financial records or financial statements services, and the scope of this engagement does not constitute the provision by Precision Discovery or its employees of such services or any legal advice.

### Communications and Use of Materials

We agree not to disclose any of our work, work product, communications, or any of the information we receive or develop during the course of this engagement to third parties without the consent of Counsel, except as may be required by law, regulation or judicial or administrative process. We agree to abide by the Initial Case Management Order (Dkt. #51) in this litigation and any court orders provided to us in writing and signed by us regarding confidentiality.

We will, at your request, transmit information to you by facsimile, e-mail, or over the Internet. If you wish to limit such transmission to information that is not highly confidential, or seek more secure means of communication for highly confidential information, you will inform us. Counsel agrees to inform us of which communication media to use when transmitting information to you or other parties working with you. If any confidentiality breaches occur because of data transmission you agree that this will not constitute a violation of our obligations of confidentiality.

EXHIBIT PD 2

Precision Discovery, LLC

1203 Flynn Rd, Suite 110, Camarillo, CA 93012

Attorney Work Product
Privileged and Confidential

Counsel agrees that any written reports or other documents, materials or analyses prepared for or provided to Counsel by Precision Discovery are to be used only in connection with the above matters and may not be published or used for any other purposes without Precision Discovery's prior express written consent.

We agree to notify Counsel promptly of any request by a third party to access any of the materials regarding this engagement, which are in our possession and will cooperate with you concerning our response thereto. In the event that we are subpoenaed or are required by government regulation or other legal process to produce our documents or our personnel as a result of the work performed with respect to this engagement, Counsel agrees to compensate Precision Discovery for time and expenses, attorneys' fees and costs incurred in responding to the subpoenas.

### Document Retention

After the litigation concludes, we will not retain working papers, notes, e-mail, digital media, electronic files and communications that have been updated or superseded unless they were shared with you or a third party working with you. However, we will retain copies of e-mails, digital media, analyses, reports, or other materials provided to us by Counsel or any third party, or provided by us to Counsel or any third party, for a six (6) month period following the conclusion of our engagement, unless otherwise agreed by the parties. You should inform us in writing of any other retention practice that you would want us to adhere to, if inconsistent with that explained above.

### Conflict Checks

We will undertake a limited inquiry of our records to determine if Precision Discovery has any business relationships with the parties identified by Counsel in any matter for which Counsel requests our services. In addition, because of the very nature, diversity, magnitude, and volume of engagements handled by Precision Discovery, and its past and present clients and professional relationships, we cannot be certain that each and every possible business relationship or potential conflict will come to our attention. Precision Discovery is an independent full service provider of the IT risk and litigation consulting services offerings described above, and as such is well positioned to avoid actual conflicts and perceived conflicts of interest. Any actual conflict or perceived conflict that becomes known to Precision Discovery will be fully disclosed to Counsel.

### Compensation

Our fees are not contingent upon the outcome of the engagement.

Counsel is responsible for payment and agrees to compensate Precision Discovery for any time and expenses associated with the performance of services.

Attorney Work Product
Privileged and Confidential

Forensic data collection services will be charged at an hourly rate of $275.00.

Computer forensic analysis and associated services will be billed at an hourly rate based on the professional conducting the actual work. Below is a listing of our current hourly rates:

| | |
|---|---|
| Forensic Examiner: | $275.00 |
| Forensic Manager or Director: | $325.00 |
| Senior Director and above: | $375.00 |

All travel time will be billed at an hourly rate of $125.00.

The rate for expert witness testimony and preparation is $450 per hour.

Pricing for our electronic discovery services will be provided at such time as they are requested by counsel.

We revise our rates from time to time to reflect market conditions and professional experience and will inform you of such changes.

Our allocation of administrative service costs equal to 5% of the amount charged for professional fees to cover costs not directly billable, such as telecommunications, reproduction and other administrative costs will be applied for this engagement.

Counsel agrees to compensate Precision Discovery for any time and expenses (including fees and expenses of legal counsel) that may be incurred in considering or responding to discovery requests or other requests for documents or information; or in participating as a witness or otherwise in any legal, regulatory or other proceedings as a result of performance of these services.

Payment is due upon invoicing without regard to the current status of this matter, and a late payment fee of 1 percent per month may be charged for any undisputed indebtedness. We require full payment of any undisputed indebtedness, prior to the expression of any opinion, or issuance of a report or providing testimony.

We reserve the right to halt work at any time in case of payment delinquency. We may resign from the engagement at our sole discretion.

If payment is going to be made to us by a third party, then you acknowledge and agree that if payment is not received by Precision Discovery within 45 days of our invoices being sent to you, then Counsel will be solely responsible for paying us directly. In the event that a third party pays us for an amount that you have already paid to us, then we will of course endorse the payment over to Counsel.

Precision Discovery, LLC

Attorney Work Product
Privileged and Confidential

Limitation on Liability and Indemnity

Counsel agrees that neither Precision Discovery, its representatives, employees, service providers or contractors, and affiliates will be liable to Counsel for any and all claims, liabilities, costs, and expenses relating to this engagement for any amount in excess of the fees paid by Counsel to Precision Discovery in connection with this engagement, except to the extent that any of the foregoing results from the gross negligence, bad faith or willful misconduct of Precision Discovery. This Limitation of Liability shall not apply to Precision Discovery's confidentiality obligations set forth in the section entitled "Communications and Use of Materials" contained in this agreement.

Precision Discovery will use licensed software during all phases of the engagement. These phases may include the collection and preservation of data, analysis, recovery, extraction, conversion, and processing. The software vendors have placed limited liability for the use of their products. As such, Precision Discovery and its representatives for any reason shall be limited to the amount paid for services. The limitations of damages set forth are fundamental elements of the basis of the engagement between Precision Discovery and Client. Precision Discovery would not be able to have provided the services for this engagement without such limitations.

Counsel agrees to indemnify and hold harmless Precision Discovery, its representatives, employees, service providers or contractors, and affiliates for any and all liabilities, costs, and expenses ("Damages") finally awarded to the extent such Damages are associated with a third party claim based on Precision Discovery performing services in connection with this engagement, except to the extent that any of the foregoing Damages results from the gross negligence, bad faith or willful misconduct of Precision Discovery.

Other

This letter represents the terms and conditions of the engagement.

If any portion of this letter is held to be void, or otherwise unenforceable, in whole or in part, the remaining portions of this agreement shall remain in effect. All the provisions of this letter shall survive the completion or termination of this engagement.

Any controversy or claim arising out of, or relating to services provided by Precision Discovery and covered by this letter for Counsel or at its request (including any such matter involving any parent, subsidiary, affiliate, successor in interest, of Counsel or of Precision Discovery) shall be submitted first to voluntary mediation, and if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in the attachment to this letter. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The dispute resolution procedures set forth in the attachment to this letter shall not apply to Precision Discovery's confidentiality obligation set forth in the section entitled "Communications and Use of Materials" contained in this agreement.

Attorney Work Product
Privileged and Confidential

\*\*\*\*\*\*\*\*

If these terms are in accordance with your understanding and meets with your approval, please sign and date two copies of this letter and return it to Jean Gilliard at jgilliard@precisiondiscovery.com.

Very truly yours,

Bruce Pixley
Vice President, Computer Forensic

Acknowledged by:

_____
Daniel L. Low, Esq.
Partner
Kotchen & Low, LLP

Date: November 25, 2012

Precision Discovery, LLC

1203 Flynn Rd, Suite 110, Camarillo, CA 93012

Attachment

## Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in our engagement letter dated November 21, 2012. If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

### Mediation

A dispute shall be submitted to mediation by written notice to the other party or parties. The mediator shall be selected by agreement of the parties. If the parties cannot agree on the mediator, a mediator shall be designated by the CPR Institute for Dispute Resolution at the request of a party. Any mediator so designated must be acceptable to all parties.

The mediation shall be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach an amicable resolution of the dispute. The mediation shall be treated as a settlement discussion and therefore shall be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings. Each party shall bear its own costs in the mediation. The parties shall share the fees and expenses of the mediator equally.

### Arbitration

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute shall be settled by arbitration. The arbitration will be conducted in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("Rules") as in effect on the date of the engagement letter, or such other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document will control.

The result of the arbitration will be binding on the parties, and judgment on the arbitration award may be entered in any court having jurisdiction.

The arbitration will be conducted before a panel of three arbitrators, two of whom are to be designated by the parties from the CPR Panels of Distinguished Neutrals using the screened selection process provided in the Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No

Attachment

potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall have no power to award non-monetary or equitable relief of any sort. It shall also have no power to award (a) damages inconsistent with any applicable agreement between the parties or (b) punitive damages or any other damages not measured by the prevailing party's actual damages; and the parties expressly waive their right to obtain such damages in arbitration or in any other forum. In no event, even if any other portion of these provisions are held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction. In no event shall the arbitration panel have power to award or impose damages in excess of actual fees paid to Precision Discovery in connection with this engagement. Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party-seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content, or results of the arbitration only as provided in the Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.