**International Institute for
Conflict Prevention & Resolution**

CPR PROCEDURES & CLAUSES

## Non-Administered
# Arbitration
# Rules

**Effective November 1, 2007**



International Institute for
Conflict Prevention & Resolution

30 East 33rd Street
6th Floor
New York, NY 10016
tel  +1.212.949.6490
fax  +1.212.949.8859
www.cpradr.org



International Institute for
Conflict Prevention & Resolution

**CPR**
**International Institute for Conflict Prevention & Resolution**

1.212.949.6490
Fax 1.212.949.8859
www.cpradr.org
Kathleen A. Bryan, President & CEO

## ABOUT CPR

The International Institute for Conflict Prevention & Resolution is a membership-based nonprofit organization that promotes excellence and innovation in public and private dispute resolution, serving as a primary multinational resource for avoidance, management, and resolution of business-related disputes.

**CPR Members** – Our membership comprises General Counsel and senior lawyers of Fortune 1000 organizations, as well as partners in the top law firms around the world. It is a committed and active membership, diligently participating in CPR activities and serving on committees.

**CPR's Panels of Distinguished Neutrals** – CPR's Panels consist of the highest quality arbitrators and mediators, with specialization in over 17 practice areas and industries. As part of CPR's nomination process, we check not only the suitability, but the availability of all neutrals nominated, as well as disclose any conflicts of interest up front.

**CPR Pledge Signers** – More than 4,000 operating companies have committed to the Corporate Policy Statement on Alternatives to Litigation®. Moreover, better than 1,500 law firms have signed the CPR Law Firm Policy Statement on Alternatives to Litigation®, including 400 of the nation's 500 largest firms. This "Pledge" has been invaluable in bringing disputing parties to the negotiating table.

**CPR's Commitment** – As we celebrate more than 29 years of achievement, we continue to dedicate the organization to providing effective, innovative ways of preventing and resolving disputes affecting business enterprises. We do so through leadership and advocacy, and by providing comprehensive resources, such as education, training, consultation, neutrals, as well as a networking and collaboration platform for business, the judiciary, government, and other institutions.

Copyright ©2007 by International Institute for Conflict Prevention and Resolution, Inc. All rights reserved.

CPR PROCEDURES & CLAUSES

# Non-Administered Arbitration Rules

**THE CPR RULES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**CPR CLAUSES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**A. GENERAL AND INTRODUCTORY RULES** . . . . . . . 5

Rule 1:  Scope Of Application
Rule 2:  Notices
Rule 3:  Commencement Of Arbitration
Rule 4:  Representation

**B. RULES WITH RESPECT TO THE TRIBUNAL** . . . . . 8

Rule 5:  Selection Of Arbitrators By The Parties
Rule 6:  Selection Of Arbitrator(s) By CPR
Rule 7:  Qualifications, Challenges And Replacement
         Of Arbitrator(s)
Rule 8:  Challenges To The Jurisdiction Of The Tribunal

**C. RULES WITH RESPECT TO THE CONDUCT
OF THE ARBITRAL PROCEEDINGS** . . . . . . . . . . . . . 15

Rule 9:   General Provisions
Rule 10:  Applicable Law(s) And Remedies
Rule 11:  Discovery
Rule 12:  Evidence And Hearings
Rule 13:  Interim Measures Of Protection
Rule 14:  Interim Measures Of Protection By A
          Special Arbitrator

Rule 15:  The Award

**D. MISCELLANEOUS RULES** . . . . . . . . . . . . . . . . . . . . . . . 23

Rule 16:  Failure To Comply With Rules
Rule 17:  Costs
Rule 18:  Confidentiality
Rule 19:  Settlement And Mediation
Rule 20:  Actions Against CPR Or Arbitrator(s)
Rule 21:  Waiver
Rule 22:  Interpretation And Application Of Rules

**CPR PRINCIPLES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## THE CPR RULES

The primary objective of arbitration is to arrive at a just and enforceable result, based on a private procedure that is fair, expeditious, economical, and less burdensome and adversarial than litigation.

The above objective is most likely to be achieved if the parties and their attorneys:

• Adopt well-designed rules of procedure

• Select skilled arbitrators who are able and willing to actively manage the process

• Limit the issues to focus on the core of the dispute

• Cooperate on procedural matters even while acting as effective advocates on substantive issues.

The International Institute for Conflict Prevention and Resolution ("CPR") Rules for Non-Administered Arbitration (the "Rules") (Rev. 2007) were developed by CPR to provide procedures to facilitate the conduct of the arbitration process fairly, expeditiously, and economically. The Rules are designed to be easily comprehended. The Rules are intended in particular for the complex case, but are suitable regardless of the nature of the case or the amount in dispute.

Every disputant wants to have a reasonable opportunity to develop and present its case. Parties that choose arbitration over litigation do so in large part out of a need or desire for a proceeding that is speedy and economical – factors that tend to go hand in hand. The Rules were designed with each of these objectives in mind.

The complexity of cases will vary greatly. In rules of general application, it is not appropriate to fix hard and fast deadlines. Rule 15.7 commits the parties and the arbitrator(s) to use their best efforts to assure that the dispute will be submitted to the Tribunal for decision within six months after the initial pre-hearing conference and that the final award will be rendered within one month thereafter. Rule 9.2 empowers the arbitrator(s) to establish time limits for each phase of the proceeding, including specifically the time allotted to each party for presentation of its case and for rebuttal.

Rule 14 allows for interim measures by a special arbitrator prior to tribunal selection.

Counsel are expected to cooperate fully with the Tribunal and with each other to assure that the proceeding will be conducted with civility in an efficient, expeditious, and economical manner. Rule 17.3 empowers the arbitrators in apportioning costs to take into account, *inter alia*, "the circumstances of the case" and "the conduct of the parties during the proceeding." This broad power is intended to permit the arbitrators to apportion a greater share of costs than they otherwise might to a party that has employed tactics the arbitrators consider dilatory, or in other ways has failed to cooperate in assuring the efficient conduct of the proceeding.

### Mediation and Other ADR Procedures

The following Procedures are intended to govern arbitration proceedings. However, many parties wish to incorporate in their contract provisions for face-to-face negotiation or mediation prior to arbitration. Parties desiring to use such Procedures should consult the CPR Mediation Procedure and CPR's Dispute Resolution Clauses (available on CPR's website at www.cpradr.org).

### Help in Finding or Selecting a Neutral

In addition, some parties may need assistance in finding and selecting an appropriate mediator or arbitrator(s). For a fee, CPR is available to assist in neutral selection with the customized, neutral appointment service of CPR Dispute Resolution Services.

To obtain a copy of our Procedures or to find out more about our Dispute Resolution Services and fees, visit our web site at www.cpradr.org or call CPR's office at +1.212.949.6490.

## CPR CLAUSES

### Standard Contractual Provisions

The International Institute for Conflict Prevention and Resolution Rules for Non-Administered Arbitration are intended in particular for use in complex commercial arbitrations and are designed to assure the expeditious and economical conduct of proceedings. The Rules may be adopted by parties wishing to do so by using one of the following standard provisions:

### A. Pre-Dispute Clause

"Any dispute arising out of or relating to this contract, including the breach, termination or validity thereof, shall be finally resolved by arbitration in accordance with the International Institute for Conflict Prevention and Resolution Rules for Non-Administered Arbitration by (a sole arbitrator) (three arbitrators, of whom each party shall appoint one) (three arbitrators, of whom each party shall designate one in accordance with the "screened" appointment procedure provided in Rule 5.4) (three arbitrators, none of whom shall be appointed by either party). The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and judgment upon the award rendered by the arbitrator(s) may be entered by any court having jurisdiction thereof. The place of the arbitration shall be (city, state)."

### B. Existing Dispute Submission Agreement

"We, the undersigned parties, hereby agree to submit to arbitration in accordance with the International Institute for Conflict Prevention and Resolution Rules for Non-Administered Arbitration (the "Rules") the following dispute:

[Describe briefly]

We further agree that the above dispute shall be submitted to (a sole arbitrator) (three arbitrators, of whom each party shall appoint one) (three arbitrators, of whom each party shall designate one in accordance with the "screened" appointment procedure provided in Rule 5.4) (three arbitrators, none of whom shall be appointed by either party). We further agree that we shall faithfully observe this agreement and the Rules and that we shall abide by and perform any award rendered by the arbitrator(s). The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and judgment upon the award may be entered by any court having jurisdiction thereof. The place of arbitration shall be (city, state)."

## A. GENERAL AND INTRODUCTORY RULES

### Rule 1: Scope Of Application

**1.1**   Where the parties to a contract have provided for arbitration under the International Institute for Conflict Prevention and Resolution ("CPR") Rules for Non-Administered Arbitration (the "Rules"), or have provided for CPR arbitration without further specification, they shall be deemed to have made these Rules a part of their arbitration agreement, except to the extent that they have agreed in writing, or on the record during the course of the arbitral proceeding, to modify these Rules. Unless the parties otherwise agree, these Rules, and any amendment thereof adopted by CPR, shall apply in the form in effect at the time the arbitration is commenced.

**1.2**   These Rules shall govern the arbitration except that where any of these Rules is in conflict with a mandatory provision of applicable arbitration law, that provision of law shall prevail.

### Rule 2: Notices

**2.1**   Notices or other communications required under these Rules shall be in writing and delivered to the address specified in writing by the recipient or, if no address has been specified, to the last known business or residence address of the recipient. Notices and communications may be given by registered mail, courier, telex, facsimile transmission, or any other means of telecommunication that provides a record thereof. Notices and communications shall be deemed to be effective as of the date of receipt. Proof of transmission shall be deemed *prima facie* proof of receipt of any notice or communication given under these Rules.

**2.2**   Time periods specified by these Rules or established by the Arbitral Tribunal (the "Tribunal") shall start to run on the day following the day when a notice or communication is received, unless the Tribunal shall specifically provide otherwise. If the last day of such period is an official holiday or a non-business day at the place where the notice or communication is received, the period is extended until the first business day which follows. Official holidays and non-business days occurring during the running of the period of time are included in calculating the period.

## Rule 3: Commencement Of Arbitration

**3.1**  The party commencing arbitration (the "Claimant") shall address to the other party (the "Respondent") a notice of arbitration.

**3.2**  The arbitration shall be deemed commenced as to any Respondent on the date on which the notice of arbitration is received by the Respondent.

**3.3**  The notice of arbitration shall include in the text or in attachments thereto:

    **a.** The full names, descriptions and addresses of the parties;

    **b.** A demand that the dispute be referred to arbitration pursuant to the Rules;

    **c.** The text of the arbitration clause or the separate arbitration agreement that is involved;

    **d.** A statement of the general nature of the Claimant's claim;

    **e.** The relief or remedy sought; and

    **f.** The name and address of the arbitrator appointed by the Claimant, unless the parties have agreed that neither shall appoint an arbitrator or that the party-appointed arbitrators shall be appointed as provided in Rule 5.4.

**3.4**  Within 20 days after receipt of the notice of arbitration, the Respondent shall deliver to the Claimant a notice of defense. Failure to deliver a notice of defense shall not delay the arbitration; in the event of such failure, all claims set forth in the demand shall be deemed denied. Failure to deliver a notice of defense shall not excuse the Respondent from notifying the Claimant in writing, within 20 days after receipt of the notice of arbitration, of the arbitrator appointed by the Respondent, unless the parties have agreed that neither shall appoint an arbitrator or that the party-appointed arbitrators shall be appointed as provided in Rule 5.4.

**3.5**  The notice of defense shall include:

    **a.** Any comment on items (a), (b), and (c) of the notice of arbitration that the Respondent may deem appropriate;

    **b.** A statement of the general nature of the Respondent's defense; and

    **c.** The name and address of the arbitrator appointed by the Respondent, unless the parties have agreed that neither shall appoint an arbitrator or that the party-appointed arbitrators shall be appointed as provided in Rule 5.4.

**3.6**  The Respondent may include in its notice of defense any counterclaim within the scope of the arbitration clause. If it does so, the counterclaim in the notice of defense shall include items (a), (b), (c), (d) and (e) of Rule 3.3.

**3.7**  If a counterclaim is asserted, within 20 days after receipt of the notice of defense, the Claimant shall deliver to the Respondent a reply to counterclaim which shall have the same elements as provided in Rule 3.5 for the notice of defense. Failure to deliver a reply to counterclaim shall not delay the arbitration; in the event of such failure, all counter-claims set forth in the notice of defense shall be deemed denied.

**3.8**  Claims or counterclaims within the scope of the arbitration clause may be freely added, amended <u>or</u> withdrawn prior to the establishment of the Tribunal and thereafter with the consent of the Tribunal. Notices of defense or replies to amended claims or counterclaims shall be delivered within 20 days after the addition or amendment.

**3.9**  If a dispute is submitted to arbitration pursuant to a submission agreement, this Rule 3 shall apply to the extent that it is not inconsistent with the submission agreement.

## Rule 4: Representation

**4.1**  The parties may be represented or assisted by persons of their choice.

**4.2**  Each party shall communicate the name, address and function of such persons in writing to the other party and to the Tribunal.

## B. RULES WITH RESPECT TO THE TRIBUNAL

### Rule 5: Selection Of Arbitrators By The Parties

**5.1** Unless the parties have agreed in writing on a Tribunal consisting of a sole arbitrator or of three arbitrators not appointed by parties or appointed as provided in Rule 5.4, the Tribunal shall consist of two arbitrators, one appointed by each of the parties as provided in Rules 3.3 and 3.5, and a third arbitrator who shall chair the Tribunal, selected as provided in Rule 5.2. Unless otherwise agreed, any arbitrator not appointed by a party shall be a member of the CPR Panels of Distinguished Neutrals ("CPR Panels").

**5.2** Within 30 days of the appointment of the second arbitrator, the two party-appointed arbitrators shall appoint a third arbitrator, who shall chair the Tribunal. In the event the party-appointed arbitrators are unable to agree on the third arbitrator, the third arbitrator shall be selected as provided in Rule 6.

**5.3** If the parties have agreed on a Tribunal consisting of a sole arbitrator or of three arbitrators none of whom shall be appointed by either party, the parties shall attempt jointly to select such arbitrator(s) within 30 days after the notice of defense provided for in Rule 3.4 is due. The parties may extend their selection process until one or both of them have concluded that a deadlock has been reached. In this event, the arbitrator(s) shall be selected as provided in Rule 6.

**5.4** If the parties have agreed on a Tribunal consisting of three arbitrators, two of whom are to be designated by the parties without knowing which party designated each of them, as provided in this Rule 5.4, either party, following the expiration of the time period for the notice of defense, may request CPR in writing, with a copy to the other party, to conduct a "screened" selection of party-designated arbitrators as follows:

    **a.** CPR will provide each party with a copy of a list of candidates from the CPR Panels. Within 15 days thereafter, each party shall designate from the list three candidates, in order of preference, as candidates for its party-designated arbitrator, and so notify CPR and the other party in writing.

    **b.** CPR will ask the first candidate so designated by each party to confirm his or her availability to serve as arbitrator and to disclose in writing any circumstances that might give rise to justifiable doubt regarding the candidate's independence or impartiality, as provided in Rule 7. CPR will circulate to the parties each candidate's completed disclosure form. A party may object to the appointment of any candidate on independent and impartial grounds by written and reasoned notice to CPR, with a copy to the other party, within 10 days after receipt of that candidate's disclosure form. CPR shall decide the objection after providing the non-objecting party with an opportunity to comment on the objection. If there is no objection to the candidate, or if the objection is overruled by CPR, CPR shall appoint the candidate as arbitrator, and any subsequent challenges of that arbitrator, based on circumstances subsequently learned, shall be made and decided in accordance with the procedures set forth in Rules 7.6 - 7.8.

    **c.** If the first candidate designated by a party is unavailable, or if his or her independence or impartiality is successfully challenged, CPR will repeat the process provided in Rule 5.4(b) as to the subsequent candidates designated by that party, in order of the party's indicated preference. A party may designate additional candidates if the three candidates designated by that party are unavailable or do not meet the requirements of Rule 7.

    **d.** Neither CPR nor the parties shall advise or otherwise provide any information or indication to any arbitrator candidate or arbitrator as to which party selected either of the party-designated arbitrators. No party or anyone acting on its behalf shall have any *ex parte* communications relating to the case with any arbitrator or arbitrator candidate designated or appointed pursuant to this Rule 5.4.

    **e.** The chair of the Tribunal will be appointed by CPR in accordance with the procedure set forth in Rule 6.4, which shall proceed concurrently with the procedure for appointing the party-designated arbitrators provided in subsections (a)-(d) above.

**f.** The compensation of all members of the Tribunal appointed pursuant to Rule 5.4 shall be administered by the chair of the Tribunal in accordance with Rule 17.

**5.5**   Where the arbitration agreement entitles each party to appoint an arbitrator but there is more than one Claimant or Respondent to the dispute, and either the multiple Claimants or the multiple Respondents do not jointly appoint an arbitrator, CPR shall appoint all of the arbitrators as provided in Rule 6.4.

## Rule 6: Selection Of Arbitrator(s) By CPR

**6.1**   Whenever (i) a party has failed to appoint the arbitrator to be appointed by it; (ii) the parties have failed to appoint the arbitrator(s) to be appointed by them acting jointly; (iii) the party-appointed arbitrators have failed to appoint the third arbitrator; (iv) the parties have provided that one or more arbitrators shall be appointed by CPR; or (v) the multi-party nature of the dispute calls for CPR to appoint all members of a three-member Tribunal pursuant to Rule 5.5, the arbitrator(s) required to complete the Tribunal shall be selected as provided in this Rule 6, and either party may request CPR in writing, with copy to the other party, to proceed pursuant to this Rule 6.

**6.2**   The written request may be made as follows:

**a.** If a party has failed to appoint the arbitrator to be appointed by it, or the parties have failed to appoint the arbitrator(s) to be appointed by them through agreement, at any time after such failure has occurred.

**b.** If the party-appointed arbitrators have failed to appoint the third arbitrator, as soon as the procedure contemplated by Rule 5.2 has been completed.

**c.** If the arbitrator(s) are to be appointed by CPR, as soon as the notice of defense is due.

**6.3**   The written request shall include complete copies of the notice of arbitration and the notice of defense or, if the dispute is submitted under a submission agreement, a copy of the agreement supplemented by the notice of arbitration and notice of defense if they are not part of the agreement.

**6.4**   Except where a party has failed to appoint the arbitrator to be appointed by it, CPR shall proceed as follows:

**a.** Promptly following receipt by it of the request provided for in Rule 6.3, CPR shall convene the parties in person or by telephone to attempt to select the arbitrator(s) by agreement of the parties.

**b.** If the procedure provided for in (a) does not result in the selection of the required number of arbitrators, CPR shall submit to the parties a list, from the CPR Panels, of not less than five candidates if one arbitrator remains to be selected, and of not less than seven candidates if two or three arbitrators are to be selected. Such list shall include a brief statement of each candidate's qualifications. Each party shall number the candidates in order of preference, shall note any objection it may have to any candidate, and shall deliver the list so marked to CPR, which, on agreement of the parties, shall circulate the delivered lists to the parties. Any party failing without good cause to return the candidate list so marked within 10 days after receipt shall be deemed to have assented to all candidates listed thereon. CPR shall designate as arbitrator(s) the nominee(s) willing to serve for whom the parties collectively have indicated the highest preference and who appear to meet the standards set forth in Rule 7. If a tie should result between two candidates, CPR may designate either candidate. If this procedure for any reason should fail to result in designation of the required number of arbitrators or if a party fails to participate in this procedure, CPR shall appoint a person or persons whom it deems qualified to fill any remaining vacancy.

**6.5**   Where a party has failed to appoint the arbitrator to be appointed by it, CPR shall appoint a person whom it deems qualified to serve as such arbitrator.

## Rule 7: Qualifications, Challenges And Replacement Of Arbitrator(s)

**7.1**   Each arbitrator shall be independent and impartial.

**7.2**   By accepting appointment, each arbitrator shall be deemed to be bound by these Rules and any modification agreed to by the parties, and to have

represented that he or she has the time available to devote to the expeditious process contemplated by these Rules.

**7.3**   Each arbitrator shall disclose in writing to the Tribunal and the parties at the time of his or her appointment and promptly upon their arising during the course of the arbitration any circumstances that might give rise to justifiable doubt regarding the arbitrator's independence or impartiality. Such circumstances include bias, interest in the result of the arbitration, and past or present relations with a party or its counsel.

**7.4**   No party or anyone acting on its behalf shall have any *ex parte* communications concerning any matter relating to the proceeding with any arbitrator or arbitrator candidate, except that a party may advise a candidate for appointment as its party-appointed arbitrator of the general nature of the case and discuss the candidate's qualifications, availability, and independence and impartiality with respect to the parties, and a party may confer with its party-appointed arbitrator regarding the selection of the chair of the Tribunal. As provided in Rule 5.4(d), no party or anyone acting on its behalf shall have any *ex parte* communications relating to the case with any arbitrator or arbitrator candidate designated or appointed pursuant to Rule 5.4.

**7.5**   Any arbitrator may be challenged if circumstances exist or arise that give rise to justifiable doubt regarding that arbitrator's independence or impartiality, provided that a party may challenge an arbitrator whom it has appointed only for reasons of which it becomes aware after the appointment has been made.

**7.6**   A party may challenge an arbitrator only by a notice in writing to CPR, with a copy to the Tribunal and the other party, given no later than 15 days after the challenging party (i) receives notification of the appointment of that arbitrator, or (ii) becomes aware of the circumstances specified in Rule 7.5, whichever shall last occur. The notice shall state the reasons for the challenge with specificity. The notice shall not be sent to the Tribunal when the challenged arbitrator is a party-designated arbitrator selected as provided in Rule 5.4; in that event, CPR may provide each member of the

Tribunal with an opportunity to comment on the substance of the challenge without disclosing the identity of the challenging party.

**7.7**   When an arbitrator has been challenged by a party, the other party may agree to the challenge or the arbitrator may voluntarily withdraw. Neither of these actions implies acceptance of the validity of the challenge.

**7.8**   If neither agreed disqualification nor voluntary withdrawal occurs, the challenge shall be decided by CPR, after providing the non-challenging party and each member of the Tribunal with an opportunity to comment on the challenge.

**7.9**   In the event of death, resignation or successful challenge of an arbitrator not appointed by a party, a substitute arbitrator shall be selected pursuant to the procedure by which the arbitrator being replaced was selected. In the event of the death, resignation or successful challenge of an arbitrator appointed by a party, that party may appoint a substitute arbitrator; provided, however, that should that party fail to notify the Tribunal (or CPR, if the Tribunal has been constituted as provided in Rule 5.4) and the other party of the substitute appointment within 20 days from the date on which it becomes aware that the opening arose, that party's right of appointment shall lapse and the Tribunal shall promptly request CPR to appoint a substitute arbitrator forthwith.

**7.10**   In the event that an arbitrator fails to act or is *de jure* or *de facto* prevented from duly performing the functions of an arbitrator, the procedures provided in Rule 7.9 shall apply to the selection of a replacement. If the parties do not agree on whether the arbitrator has failed to act or is prevented from performing the functions of an arbitrator, either party may request CPR to make that determination forthwith.

**7.11**   If the sole arbitrator or the chair of the Tribunal is replaced, the successor shall decide the extent to which any hearings held previously shall be repeated. If any other arbitrator is replaced, the Tribunal in its discretion may require that some or all prior hearings be repeated.

**7.12** If an arbitrator on a three-person Tribunal fails to participate in the arbitration, the two other arbitrators shall have the power in their sole discretion to continue the arbitration and to make any decision, ruling or award, notwithstanding the failure of the third arbitrator to participate, unless the parties agree otherwise. In determining whether to continue the arbitration or to render any decision, ruling or award without the participation of an arbitrator, the two other arbitrators shall take into account the stage of the arbitration, the reason, if any, expressed by the third arbitrator for such nonparticipation, and such other matters as they consider appropriate in the circumstances of the case.  In the event that the two other arbitrators determine not to continue the arbitration without the participation of the third arbitrator, the procedures provided in Rule 7.9 shall apply to the selection of a replacement.

### Rule 8: Challenges To The Jurisdiction Of The Tribunal

**8.1** The Tribunal shall have the power to hear and determine challenges to its jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

**8.2** The Tribunal shall have the power to determine the existence, validity or scope of the contract of which an arbitration clause forms a part. For the purposes of challenges to the jurisdiction of the Tribunal, the arbitration clause shall be considered as separable from any contract of which it forms a part.

**8.3** Any challenges to the jurisdiction of the Tribunal, except challenges based on the award itself, shall be made not later than the notice of defense or, with respect to a counterclaim, the reply to the counterclaim; provided, however, that if a claim or counterclaim is later added or amended such a challenge may be made not later than the response to such claim or counterclaim.

## C. RULES WITH RESPECT TO THE CONDUCT OF THE ARBITRAL PROCEEDINGS

### Rule 9: General Provisions

**9.1** Subject to these Rules, the Tribunal may conduct the arbitration in such manner as it shall deem appropriate. The chair shall be responsible for the organization of arbitral conferences and hearings and arrangements with respect to the functioning of the Tribunal.

**9.2** The proceedings shall be conducted in an expeditious manner. The Tribunal is empowered to impose time limits it considers reasonable on each phase of the proceeding, including without limitation the time allotted to each party for presentation of its case and for rebuttal. In setting time limits, the Tribunal should bear in mind its obligation to manage the proceeding firmly in order to complete proceedings as economically and expeditiously as possible.

**9.3** The Tribunal shall hold an initial pre-hearing conference for the planning and scheduling of the proceeding. Such conference shall be held promptly after the constitution of the Tribunal, unless the Tribunal is of the view that further submissions from the parties are appropriate prior to such conference. The objective of this conference shall be to discuss all elements of the arbitration with a view to planning for its future conduct. Matters to be considered in the initial pre-hearing conference may include, *inter alia*, the following:

**a.** Procedural matters (such as setting specific time limits for, and manner of, any required discovery; the desirability of bifurcation or other separation of the issues in the arbitration; the desirability and practicability of consolidating the arbitration with any other proceeding; the scheduling of conferences and hearings; the scheduling of pre-hearing memoranda; the need for and type of record of conferences and hearings, including the need for transcripts; the amount of time allotted to each party for presentation of its case and for rebuttal; the mode, manner and order for presenting proof; the need for expert

witnesses and how expert testimony should be presented; and the necessity for any on-site inspection by the Tribunal);

**b.** The early identification and narrowing of the issues in the arbitration;

**c.** The possibility of stipulations of fact and admissions by the parties solely for purposes of the arbitration, as well as simplification of document authentication;

**d.** The possibility of appointment of a neutral expert by the Tribunal; and

**e.** The possibility of the parties engaging in settlement negotiations, with or without the assistance of a mediator.

After the initial conference, further pre-hearing or other conferences may be held as the Tribunal deems appropriate.

**9.4** In order to define the issues to be heard and determined, the Tribunal may, *inter alia*, make pre-hearing orders and instruct the parties to file more detailed statements of claim and of defense, and pre-hearing memoranda.

**9.5** Unless the parties have agreed upon the place of arbitration, the Tribunal shall fix the place of arbitration based upon the contentions of the parties and the circumstances of the arbitration. The award shall be deemed made at such place. The Tribunal may schedule meetings and hold hearings wherever it deems appropriate.

## Rule 10: Applicable Law(s) And Remedies

**10.1** The Tribunal shall apply the substantive law(s) or rules of law designated by the parties as applicable to the dispute. Failing such a designation by the parties, the Tribunal shall apply such law(s) or rules of law as it determines to be appropriate.

**10.2** Subject to Rule 10.1, in arbitrations involving the application of contracts, the Tribunal shall decide in accordance with the terms of the contract and shall take into account usages of the trade applicable to the contract.

**10.3** The Tribunal may grant any remedy or relief, including but not limited to specific performance of a contract, which is within the scope of the

agreement of the parties and permissible under the law(s) or rules of law applicable to the dispute.

**10.4** The Tribunal may award such pre-award and post-award interest, simple or compound, as it considers appropriate, taking into consideration the contract and applicable law.

## Rule 11: Discovery

The Tribunal may require and facilitate such discovery as it shall determine is appropriate in the circumstances, taking into account the needs of the parties and the desirability of making discovery expeditious and cost-effective. The Tribunal may issue orders to protect the confidentiality of proprietary information, trade secrets and other sensitive information disclosed in discovery.

## Rule 12: Evidence And Hearings

**12.1** The Tribunal shall determine the manner in which the parties shall present their cases. Unless otherwise determined by the Tribunal or agreed by the parties, the presentation of a party's case shall include the submission of a pre-hearing memorandum including the following elements:

**a.** A statement of facts;

**b.** A statement of each claim being asserted;

**c.** A statement of the applicable law and authorities upon which the party relies;

**d.** A statement of the relief requested, including the basis for any damages claimed; and

**e.** A statement of the nature and manner of presentation of the evidence, including the name, capacity and subject of testimony of any witnesses to be called and an estimate of the amount of time required for each witness's direct testimony.

**12.2** If either party so requests or the Tribunal so directs, a hearing shall be held for the presentation of evidence and oral argument. Testimony may be presented in written and/or oral form as the Tribunal may determine is appropriate. The Tribunal is not required to apply the rules of evidence used in judicial proceedings, provided, however, that the Tribunal shall apply the lawyer-client privilege and the work product immunity. The Tribunal

shall determine the applicability of any privilege or immunity and the admissibility, relevance, materiality and weight of the evidence offered.

**12.3**  The Tribunal, in its discretion, may require the parties to produce evidence in addition to that initially offered. It may also appoint neutral experts whose testimony shall be subject to cross-examination and rebuttal.

**12.4**  The Tribunal shall determine the manner in which witnesses are to be examined. The Tribunal shall have the right to exclude witnesses from hearings during the testimony of other witnesses.

### Rule 13: Interim Measures Of Protection

**13.1**  At the request of a party, the Tribunal may take such interim measures as it deems necessary, including measures for the preservation of assets, the conservation of goods or the sale of perishable goods. The Tribunal may require appropriate security as a condition of ordering such measures.

**13.2**  A request for interim measures by a party to a court shall not be deemed incompatible with the agreement to arbitrate or as a waiver of that agreement.

### Rule 14: Interim Measures of Protection By a Special Arbitrator

**14.1**  Unless otherwise agreed by the parties, this Rule 14 shall be deemed part of any arbitration clause or agreement entered on or after November 1, 2007, that provides for arbitration under these Rules.

**14.2**  Prior to the constitution of the Tribunal, any party may request that interim measures be granted under this Rule against any other party by a special arbitrator appointed for that purpose.

**14.3**  Interim measures under this Rule are requested by written application to CPR, entitled "Request for Interim Measures of Protection By a Special Arbitrator," describing in reasonable detail the relief sought, the party against whom the relief is sought, the grounds for the relief, and, if practicable, the evidence and law supporting the request. The

request shall be delivered in accordance with Rule 2.1, and shall certify that all other parties affected have been notified of the request or explain the steps taken to notify such parties.

**14.4**  The request for interim measures shall be accompanied by an initial deposit of $2000, paid to CPR by wire, check, credit card or draft. CPR shall promptly determine, pursuant to its administrative rules, any further deposit due to cover the fee of CPR and the remuneration of the special arbitrator, which amount shall be paid within the time period determined by CPR.

**14.5**  If the parties agree upon a special arbitrator within one business day of the request, that arbitrator shall be appointed. If there is no such timely agreement, CPR shall appoint a special arbitrator from a list of arbitrators maintained by CPR for that purpose. To the extent practicable, CPR shall appoint the special arbitrator within one business day of CPR's receipt of the application for interim measures under this Rule. The special arbitrator's fee shall be determined by CPR in consultation with the special arbitrator. The special arbitrator's fee and reasonable out-of-pocket expenses shall be paid from the deposit made with CPR.

**14.6**  Prior to accepting appointment, a special arbitrator candidate shall disclose to CPR any circumstances that might give rise to justifiable doubt regarding the arbitrator's independence or impartiality within the meaning of Rule 7.3. Any challenge to the appointment of a special arbitrator must be made within one business day of the challenging party's receipt of CPR's notification of the appointment of the arbitrator and the circumstances disclosed. A special arbitrator may be challenged on any ground for challenging arbitrators generally under Rule 7. To the extent practicable, CPR shall rule on the challenge within one business day after CPR's receipt of the challenge. CPR's ruling on the challenge shall be final.

**14.7** In the event of death, resignation or successful challenge of a special arbitrator, CPR shall appoint a replacement forthwith in accordance with the procedures prescribed in Rules 14.5 and 14.6.

**14.8** The special arbitrator shall determine the procedure to be followed, which shall include, whenever possible, reasonable notice to, and an opportunity for hearing (either in person, by teleconference or other appropriate means), all affected parties. The special arbitrator shall conduct the proceedings as expeditiously as possible, and shall have the powers vested in the Tribunal under Rule 8, including the power to rule on his/her own jurisdiction and the applicability of this Rule 14.

**14.9** The special arbitrator may grant such interim measures as he or she deems necessary, including but not limited to measures for the preservation of assets, the conservation of goods or the sale of perishable goods.

**14.10** The ruling on the request for interim measures shall be made by award or order, and the special arbitrator may state in such award or order whether or not the special arbitrator views the award or order as final for purposes of any judicial proceedings in connection therewith. The award or order may be made conditional upon the provision of security or any act or omission specified in the award or order. The award or order may provide for the payment of a specified amount in case of noncompliance with its terms.

**14.11** The award or order shall specify the relief awarded or denied, shall determine the cost of the proceedings, including CPR's administrative fee, the arbitrator's fee and expenses as determined by CPR, and apportion such costs among the parties as the special arbitrator deems appropriate. The special arbitrator may also apportion the parties' reasonable attorneys' fees and expenses in the award or order or in a supplementary award or order. Unless the parties agree otherwise, the award or order shall state the reasoning on which the award or order rests as the special arbitrator deems appropriate.

**14.12** A request for interim measures by a party to a court shall not be deemed incompatible with the agreement to arbitrate, including the agreement to this Rule 14, or as a waiver of that agreement.

**14.13** The award or order shall remain in effect until modified or vacated by the special arbitrator or the Tribunal. The special arbitrator may modify or vacate the award or order for good cause. If the Tribunal is constituted before the special arbitrator has rendered an award or order, the special arbitrator shall retain jurisdiction to render such award or order unless and until the Tribunal directs otherwise. Once the Tribunal has been constituted, the Tribunal may modify or vacate the award or order rendered by the special arbitrator.

**14.14** The special arbitrator shall not serve as a member of the Tribunal unless the parties agree otherwise.

## Rule 15: The Award

**15.1** The Tribunal may make final, interim, interlocutory and partial awards. With respect to any interim, interlocutory or partial award, the Tribunal may state in its award whether or not it views the award as final for purposes of any judicial proceedings in connection therewith.

**15.2** All awards shall be in writing and shall state the reasoning on which the award rests unless the parties agree otherwise. The award shall be deemed to be made at the seat of arbitration and shall contain the date on which the award was made. When there are three arbitrators, the award shall be made and signed by at least a majority of the arbitrators.

**15.3** A member of the Tribunal who does not join in an award may issue a dissenting opinion. Such opinion shall not constitute part of the award.

**15.4** Executed copies of awards and of any dissenting opinion shall be delivered by the Tribunal to the parties.

**15.5** Within 15 days after receipt of the award, either party, with notice to the other party, may request the Tribunal to clarify the award; to correct any clerical, typographical or computation errors, or any errors of a similar nature in the award; or to make an additional award as to claims or counterclaims presented in the arbitration but not determined in the award. The Tribunal shall make any clarification, correction or additional award requested by either party that it deems justified within 30 days after receipt of such request. Within 15 days after delivery of the award to the parties or, if a party requests a clarification, correction or additional award, within 30 days after receipt of such request, the Tribunal may make such corrections and additional awards on its own initiative as it deems appropriate. All clarifications, corrections, and additional awards shall be in writing, and the provisions of this Rule 15 shall apply to them.

**15.6** The award shall be final and binding on the parties, and the parties will undertake to carry out the award without delay. If an interpretation, correction or additional award is requested by a party, or a correction or additional award is made by the Tribunal on its own initiative as provided in Rule 15.5, the award shall be final and binding on the parties when such clarification, correction or additional award is made by the Tribunal or upon the expiration of the time periods provided in Rule 15.5 for such clarification, correction or additional award to be made, whichever is earlier.

**15.7** The dispute should in most circumstances be submitted to the Tribunal for decision within six months after the initial pre-hearing conference required by Rule 9.3. The final award should in most circumstances be rendered within one month thereafter. The parties and the Tribunal shall use their best efforts to comply with this schedule.

## D. MISCELLANEOUS RULES

### Rule 16: Failure To Comply With Rules

Whenever a party fails to comply with these Rules, or any order of the Tribunal pursuant to these Rules, in a manner deemed material by the Tribunal, the Tribunal, if appropriate, shall fix a reasonable period of time for compliance and, if the party does not comply within said period, the Tribunal may impose a remedy it deems just, including an award on default. Prior to entering an award on default, the Tribunal shall require the non-defaulting party to produce evidence and legal argument in support of its contentions as the Tribunal may deem appropriate. The Tribunal may receive such evidence and argument without the defaulting party's presence or participation.

### Rule 17: Costs

**17.1** Each arbitrator shall be compensated on a reasonable basis determined at the time of appointment for serving as an arbitrator and shall be reimbursed for any reasonable travel and other expenses. The compensation for each arbitrator should be fully disclosed to all Tribunal members and parties.

**17.2** The Tribunal shall fix the costs of arbitration in its award. The costs of arbitration include:

**a.** The fees and expenses of members of the Tribunal;

**b.** The costs of expert advice and other assistance engaged by the Tribunal;

**c.** The travel and other expenses of witnesses to such extent as the Tribunal may deem appropriate;

**d.** The costs for legal representation and assistance and experts incurred by a party to such extent as the Tribunal may deem appropriate;

**e.** The charges and expenses of CPR with respect to the arbitration;

**f.** The costs of a transcript; and

**g.** The costs of meeting and hearing facilities.

**17.3** Subject to any agreement between the parties to the contrary, the Tribunal may apportion the costs of arbitration between or among the parties in

such manner as it deems reasonable, taking into account the circumstances of the case, the conduct of the parties during the proceeding, and the result of the arbitration.

**17.4**  The Tribunal may request each party to deposit an appropriate amount as an advance for the costs referred to in Rule 17.2, except those specified in subparagraph (d), and, during the course of the proceeding, it may request supplementary deposits from the parties. Any such funds shall be held and disbursed in such a manner as the Tribunal may deem appropriate.

**17.5**  If the requested deposits are not paid in full within 20 days after receipt of the request, the Tribunal shall so inform the parties in order that jointly or severally they may make the requested payment. If such payment is not made, the Tribunal may suspend or terminate the proceeding.

**17.6**  After the proceeding has been concluded, the Tribunal shall return any unexpended balance from deposits made to the parties as may be appropriate.

## Rule 18: Confidentiality

Unless the parties agree otherwise, the parties, the arbitrators and CPR shall treat the proceedings, any related discovery and the decisions of the Tribunal, as confidential, except in connection with judicial proceedings ancillary to the arbitration, such as a judicial challenge to, or enforcement of, an award, and unless otherwise required by law or to protect a legal right of a party. To the extent possible, any specific issues of confidentiality should be raised with and resolved by the Tribunal.

## Rule 19: Settlement And Mediation

**19.1**  Either party may propose settlement negotiations to the other party at any time. The Tribunal may suggest that the parties explore settlement at such times as the Tribunal may deem appropriate.

**19.2**  With the consent of the parties, the Tribunal at any stage of the proceeding may arrange for mediation of the claims asserted in the arbitration by a mediator acceptable to the parties. The mediator

shall be a person other than a member of the Tribunal. Unless the parties agree otherwise, any such mediation shall be conducted under the CPR Mediation Procedure.

**19.3**  The Tribunal will not be informed of any settlement offers or other statements made during settlement negotiations or a mediation between the parties, unless both parties consent.

**19.4**  If the parties settle the dispute before an award is made, the Tribunal shall terminate the arbitration and, if requested by all parties and accepted by the Tribunal, may record the settlement in the form of an award made by consent of the parties. The Tribunal is not obliged to give reasons for such an award.

## Rule 20: Actions Against CPR Or Arbitrator(s)

Neither CPR nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these Rules.

## Rule 21: Waiver

A party knowing of a failure to comply with any provision of these Rules, or any requirement of the arbitration agreement or any direction of the Tribunal, and neglecting to state its objections promptly, waives any objection thereto.

## Rule 22: Interpretation and Application of Rules

The Tribunal shall interpret and apply these Rules insofar as they relate to the Tribunal's powers and duties. When there is more than one member on the Tribunal and a difference arises among them concerning the meaning or application of these Rules, that difference shall be decided by a majority vote. All other Rules shall be interpreted and applied by CPR.

## PRINCIPLES

CPR brings a distinct viewpoint to the field of domestic and international dispute resolution.  ts tenets:

**1.** Most disputes are best resolved privately and by agreement.

**2.** Principals should play a key role in dispute resolution and should approach a dispute as a problem to be solved, not a contest to be won.

**3.** A skilled and respected neutral third party can play a critical role in bringing about agreement.

**4.** Efforts should first be made to reach agreement by unaided negotiation.

**5.** If such efforts are unsuccessful, resolution by a non-adjudicative procedure, such as mediation, should next be pursued. These procedures remain available even while litigation or arbitration is pending.

**6.** If adjudication by a neutral third party is required, a well-conducted arbitration proceeding usually is preferable to litigation.

**7.** During an arbitration proceeding the door to settlement should remain open. Arbitrators may suggest that the parties explore settlement, employing a mediator if appropriate.

**8.** Arbitration proceedings often can be conducted efficiently by the Arbitral Tribunal without administration by a neutral organization, or limiting the role of such an organization to assistance in arbitrator selection or ruling on challenges to arbitrators, if necessary.

**The CPR Rules for Non-Administered Arbitration reflect these principles.**

NOTES: