UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KOTCHEN & LOW LLP,

      Plaintiff,

      v.

PRECISION DISCOVERY, INC., and

JERRY BARBANEL,

      Defendants.

Civil Action No.: 1:16-cv-00224-GK

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
RULE 26(F) OBLIGATIONS**

# TABLE OF AUTHORITIES

## Cases

*Baloch v. Norton*, 517 F. Supp. 2d 345 (D.D.C. 2007)............................................................ 12

*Ben-Koel v. Howard Univ.*, 319 F.3d 532 (D.C. Cir. 2003) ...................................................... 12

*Ellis v. Kaye-Kibbey*, 581 F. Supp. 2d 861 (W.D. Mich. 2008) ................................................ 9

*Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867 (N.D. Tex. May 15, 2014) ...................................................................................................................... 5, 6

*ITT Telecom. Prods. Corp. v. Dooley*, 214 Cal. App. 3d 307 (1989) .......................................... 8

*Kelly v. Golden,* 52 F.3d 344 (8th Cir. 2003) .......................................................................... 8, 9

*MacGregor v. Rutberg*, 478 F.3d 790 (7th Cir. 2007) .................................................................. 8

*Mack-University LLC v. Halstead*, No. 07-393, 2007 WL 4458823 (C.D. Cal. Sept. 25, 2007) . 12

*Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1 (1st Cir. 2005) ................................................. 11

*O'Brien & Gere Engineers, Inc. v. City of Salisbury*, 113 A.3d 1129 (Md. App. 2015)........ 9, 10

*Patton v. Cox*, 276 F.3d 493 (9th Cir. 2002)............................................................................... 8

*People With Aids Health Grp. v. Burroughs Wellcome Co.*, No. 91-0574, 1991 WL 221179 (D.D.C. Oct. 11, 1991)........................................................................................................ 6

*Rain v. Rolls-Royce Corp.*, 626 F.3d 372 (7th Cir. 2010)............................................................ 8

*Waller v. Butkovich*, 584 F. Supp. 909 (M.D.N.C. 1984)........................................................... 7

*Wentland v. Wass*, 126 Cal. App. 4th 1484 (2005)................................................................. 8, 9

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 16................................................................................................................... 4

Fed. R. Civ. P. 26................................................................................................... *passim*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

TABLE OF CONTENTS........................................................................................................... iii

I.      INTRODUCTION ......................................................................................................... 1

II.     BACKGROUND ........................................................................................................... 2

III.    ARGUMENT ................................................................................................................. 4

      A.    A Motion to Dismiss Does Not Justify a Stay of a Rule 26(f) Conference, and Precision Is Unlikely to Prevail on Its Motion to Dismiss.................................... 4

            1.    Rule 26(f) Is Mandatory Even When a Motion to Dismiss Is Pending ...... 4

            2.    Defendants Have Not Carried Their Burden of Showing Good Cause to Stay Discovery ..................................................................................................... 5

            3.    The Pendency of a Motion to Dismiss Does Not Justify a Stay Where It Does Not Involve Governmental Immunity ............................................... 6

            4.    Precision's Motion to Dismiss Lacks Merit................................................ 7

      B.    None of the Claims Are Subject to Arbitration, and Precision Misrepresents the Arbitrators' Findings.................................................................................... 10

      C.    The Court Should Order the Start of Discovery ................................................. 12

IV.    CONCLUSION............................................................................................................. 12

## I.   INTRODUCTION

Discovery on the issues in this lawsuit has already begun in the parallel arbitration, but Defendant Precision Discovery, Inc. ("Precision") has given itself a stay of discovery in this case by refusing to participate in a mandatory Rule 26(f) conference.  Avoiding a discovery conference until after the brief discovery period in the arbitration proceeding has ended will cause inefficiencies.  For example, the parties need to discuss an electronic discovery protocol in both cases, could discuss applying the same limits to discovery in both cases, and cross-noticing depositions in this proceeding that are taken in the arbitration would avoid duplicate depositions of the same witnesses.

In its motion, Precision misrepresents the arbitrators' ruling on arbitrability.   While Precision claims that "[n]early all of the claims alleged by Plaintiff in its Amended Complaint have already been held by an arbitration panel to be subject to arbitration," Defs.' Mot. to Stay Rule 26(f) Obligations at 1 (Dkt. #26), the opposite is true.  The arbitration panel ("Panel") did not address the arbitrability of Plaintiff Kotchen & Low LLP's ("K&L's") various affirmative claims against Precision, presumably because Precision conceded that K&L's breach of confidentiality claim against Precision is not arbitrable. The Panel also found that Precision's unjust enrichment claim related to hosting charges is not subject to arbitration, and only addressed one claim that it found is subject to arbitration – Precision's breach of contract claim against K&L, which Precision has not asserted in this proceeding.  Moreover, Precision waived its right to arbitrate any of the claims, and the waiver issue is for the court, not the arbitrators.  And while the Panel declined to address whether Precision had complied with a mediation condition precedent to arbitration, Precision has clearly failed to comply with that condition.

Precision has filed a motion to dismiss the claim that Precision concedes is not subject to arbitration – K&L's breach of confidentiality claim against Precision, which Precision claims is barred by witness immunity.  But courts have repeatedly found that witness immunity is waivable and that contractual confidentiality provisions are enforceable even when the disclosure was made in a court proceeding.

While it remains unclear which claims between the parties this Court will determine are subject to arbitration, if any, it is clear that discovery related to the issues raised in this lawsuit will proceed in one forum or the other and any discovery will not be wasted effort.  The prompt scheduling of a Rule 26(f) conference will encourage efficiencies and will avoid unnecessary delays in resolving this matter.

## II.    BACKGROUND

The Underlying Conduct at Issue

The claims in this litigation involve the same conduct as the claims that Precision is seeking to pursue in arbitration. On November 19, 2012, in an order sanctioning Delta Air Lines, Inc. ("Delta") for discovery violations in an MDL antitrust class action, counsel for the class action plaintiffs (including K&L) were ordered to retain a discovery expert, and Delta was ordered to pay the expert.  K&L retained Precision as its expert. On January 4, 2013, Precision presented K&L a proposed Statement of Work for $468,000 in electronic discovery processing fees.  K&L rejected the proposal, but approved a revised proposal for $27,300 in e-discovery processing fees. Precision subsequently billed $3,728,895 in unapproved e-discovery processing fees, which K&L told Precision that it would not pay because it had not approved them.

Delta also balked at paying the fees.  Precision asked the court to order Delta to pay the fees, and Delta objected that Precision's fees were unreasonable.  The court held a full day

2

evidentiary hearing on the reasonableness of Precision's fees on July 24, 2013, and Precision had a full and fair opportunity to defend the reasonableness of its fees.  In an order dated September 25, 2013, the court held that "the course of work Precision pursued was not reasonable," that "Precision's data processing . . . was not done correctly," that Precision's data processing charges were "staggering," and that half of the total amount billed by Precision, $2,449,751, "represents the reasonable value of the services provided to date by Precision in this case." Order at 2, 13, 29, 38, MDL 2089 (Sept. 25, 2013) (Dkt. #20-16).

The court also addressed the issue of whether K&L should be required to pay Precision, stating that, "the order implied that the only amount that Delta would have to pay to the plaintiffs' expert would be a reasonable fee . . . . [I]n the same manner[,] . . . if Precision were to come after [K&L], I think [K&L] could easily contest any effort to collect the difference between what I award and what is allegedly owed by asserting the defense that [*the*] *fees weren't reasonable. You've got a federal judge who says that*, and we tried to collect them, and we are only obligated to pay you what is reasonable." Hr'g Tr. 266:18-267:4 (July 24, 2013) (Dkt. #20-1) (emphasis added).

The Present Arbitration and Litigation Between Precision and K&L

Defendant Precision Discovery, Inc. filed an arbitration against K&L asserting two claims: one for the $2.45 million that the court had found to be unreasonable; and the second for $485,558 in hosting charges that K&L had never authorized or requested.  In response, K&L objected to arbitrability, but filed an answer and counter-claims in the arbitration to preserve its rights.  K&L filed the present lawsuit seeking declaratory judgment that the claims were not subject to arbitration, and asserting the same claims against Precision that it had asserted as counter-claims in the arbitration.

3

In the arbitration, K&L filed a motion to dismiss Precision's claims against K&L for non-arbitrability. The Panel granted K&L's motion in part, dismissing Precision's claim for e-discovery hosting fees.

In this lawsuit, Precision filed a motion to compel arbitration and to dismiss K&L's claim against Precision for breach of confidentiality. Defs.' Mot. to Stay (Dkt. #21). That motion is currently pending.

Discovery in the arbitration has already begun. K&L issued identical document requests to Precision on May 20, 2016 in both the arbitration and the litigation. K&L has also issued interrogatories in the arbitration, but not in the litigation.

K&L repeatedly requested that the parties conduct their mandatory Rule 26(f) conference, which was due by April 18, 2016, but Precision refused to participate. On May 24, 2016, Precision filed the present Motion to Stay Rule 26 Obligations.

## III.   ARGUMENT

**A.   A Motion to Dismiss Does Not Justify a Stay of a Rule 26(f) Conference, and Precision Is Unlikely to Prevail on Its Motion to Dismiss**

### 1.   Rule 26(f) Is Mandatory Even When a Motion to Dismiss Is Pending

Under Rule 26(f), "the parties *must* confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added). A Rule 16(b) scheduling order in this matter was due by May 9, 2016.[1] Accordingly, April 18, 2016 – which was 21 days before the required May 9,

---

[1]   Rule 16 provides that the Court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has

4

2016 scheduling order – was the last day for the parties to confer under Rule 26(f) and was the day upon which discovery should have commenced in this matter.

Precision claims that a Rule 26(f) conference is unnecessary and discovery should be stayed pending a ruling on Precision's motion to dismiss. But a Rule 26(f) conference is mandatory, regardless of whether a motion to dismiss has been filed. *See* Fed. R. Civ. P. 26(f) advisory committee's note (1993) ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case."); *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved."). Local Rule 16.3, for example, provides that one topic that the parties must discuss at the Rule 26(f) conference is any pending motion to dismiss, reflecting that Rule 26(f) conferences are expected to go forward even when a motion to dismiss is pending.

2.  Defendants Have Not Carried Their Burden of Showing Good Cause to Stay Discovery

Discovery may be stayed "for good cause [shown.]" Fed. R. Civ. P. 26(c)(1). Courts have construed a request to postpone a Rule 26(f) conference as a request to stay discovery. *Escareno*, 2014 WL 1976867, at *1. "The party seeking to stay discovery has the burden of justification." *People With Aids Health Grp. v. Burroughs Wellcome Co.*, No. 91-0574, 1991 WL

---

appeared." Fed. R. Civ. P. 16(b)(2). The first appearance by a Defendant in this case was entered on March 9, 2016. Dkt. #5. Sixty days later is May 9, 2016.

221179, at *1 (D.D.C. Oct. 11, 1991) ("However, defendant has failed to demonstrate beyond mere allegations that resources will be conserved by granting the stay.").

Here, a stay is not warranted because "Defendants have not shown good cause for a stay by, for example, establishing that they would suffer 'annoyance, embarrassment, oppression, or undue burden or expense' absent a stay." *Escareno*, 2014 WL 1976867, at *2 (quoting Fed. R. Civ. P. 26(c)(1)).  There will be no cost savings to the parties from delaying the start of discovery, as the same discovery that would be sought in this proceeding is also being sought in the arbitration, but without the benefit of a Rule 26(f) discovery planning conference.  K&L has requested that the parties discuss the Rule 26(f) topics for purposes of both the arbitration and litigation.  For example, it would make no sense to require different search terms, custodians, forms of ESI production, or confidentiality orders in the two different proceedings, but Precision refuses to discuss those issues in either proceeding.  In addition, the parties could hopefully agree to cross-notice depositions in both proceedings to avoid duplicate depositions of the same witnesses.

Precision claims that discovery would be narrower in the arbitration, but K&L has issued identical document requests to Precision in both the arbitration and this litigation, and there is no reason to believe that discovery will be narrower in one forum compared to the other.  *See generally* Arbitration Scheduling Order #3 at 2 (Dkt. #26-1) (requiring production of documents from the files of 10 custodians based on agreed search terms of the parties).

3. <u>The Pendency of a Motion to Dismiss Does Not Justify a Stay Where It Does Not Involve Governmental Immunity</u>

Precision claims that discovery should not proceed because it has asserted a witness immunity defense to K&L's claim related to Precision's breach of a contractual confidentiality

provision.  While Precision cites cases suggesting that discovery should not proceed while an immunity claim is the subject of a pending motion to dismiss, the cases cited by Precision all involve *governmental* immunity and the protection of government officers and officials.  Defs.' Mot. to Stay 26(f) Obligations at 8-9 (citing cases involving immunity claims asserted by the United States, U.S. Secret Service, and the District of Columbia).  They have no applicability here, where neither defendant is a government entity or employee.

4.   <u>Precision's Motion to Dismiss Lacks Merit</u>

Even if a non-governmental immunity defense were a basis to stay discovery, discovery should not be delayed when the immunity claim lacks merit. *See, e.g.*, *Waller v. Butkovich*, 584 F. Supp. 909, 948 n.15 (M.D.N.C. 1984) ("The Court has determined *sua sponte* that it need not further stay discovery against the government officials pending a separate 'threshold inquiry' regarding qualified immunity defenses that they may raise . . . [T]hey would be unsuccessful on the current state of the record.").

K&L has asserted a claim against Precision for breaching a confidentiality provision of the retainer agreement between K&L and Precision that prohibited Precision from voluntarily disclosing communications between K&L and Precision.  Am. Comp. ¶ 78 (Dkt. #19); Letter from B. Pixley to D. Low at 1 (Nov. 21, 2012) (Ex. 1) (agreeing that Precision would not "disclose any of our . . . communications . . . without the consent of Counsel, except as may be *required* by law, . . . or judicial . . . process") (emphasis added).  For example, K&L alleges that Precision violated the agreement by "voluntarily" "testif[ying] to communications that [Precision] had with K&L that misleadingly implicated K&L as at least tacitly approving Precision's scope of work."  Am. Compl. ¶¶ 41, 78.  Precision does not dispute that such disclosures were inconsistent with the agreement not to disclose the parties' communications, but

7

claims that the disclosures were "required by law" or were immune from a claim for breach of contract because of the doctrine of witness immunity, which normally protects statements made by witnesses in judicial proceedings from claims for slander or libel. But Precision's assertion of immunity fails under the circumstances of this case, as these disclosures were voluntary (Am. Compl. ¶ 41), and courts have consistently held that parties can waive witness immunity related to voluntary disclosures when they enter into contracts to keep those matters confidential. *MacGregor v. Rutberg*, 478 F.3d 790, 793-94 (7th Cir. 2007) (citing *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 707-08 (7th Cir. 1994)); *Patton v. Cox*, 276 F.3d 493, 500 (9th Cir. 2002) ("we hold that witness immunity does not bar an action for breach of contract when, as in this case, the witness participated voluntarily"); *Wentland v. Wass*, 126 Cal. App. 4th 1484, 1494 (2005) ("we conclude the [litigation] privilege should not apply in this breach of contract case"); *ITT Telecom Prods. Corp. v. Dooley*, 214 Cal. App. 3d 307, 320 (1989) (holding that employer could "contractually requir[e] an employee to assert the employer's privilege against . . . disclosure," and that witness immunity did not immunize "voluntarily breach [of] an express confidentiality agreement" during judicial proceedings).

Precision cites four cases in support of its argument in favor of witness immunity, but these cases are readily distinguishable from the facts here. First, Precision cites *Rain v. Rolls-Royce Corp.*, but there the court found that "[b]ecause appellants did not raise a waiver argument below, they are barred from doing so here." 626 F.3d 372, 378 (7th Cir. 2010).

Second, Precision cites *Kelly v. Golden*, in which the court considered a counter-claim-plaintiff's summary judgment motion on a breach of confidentiality claim, and the court was required to draw all reasonable inferences against the counter-claim plaintiff. 352 F.3d 344, 350 (8th Cir. 2003). The court did not address whether the contract could waive judicial privilege

8

immunity, but held only that the moving party "has not established that he is entitled to judgment as a matter of law." *Id.* Moreover, the court affirmed the award of attorneys' fees based on the disparaging statements and conduct in the judicial proceeding, undermining Precision's contention that the privilege is absolute. *Id.* at 352-53.

Third, Precision relies on *Ellis v. Kaye-Kibbey*, in which the court precluded breach of contract liability for certain claims, such as the production of documents "to the extent that such action was necessary to comply with a subpoena or other order," and the plaintiff had not alleged that some of the information disclosed was not "'relevant, pertinent, or material' to the matter at issue in the proceeding." 581 F. Supp. 2d 861, 881 (W.D. Mich. 2008). Moreover, at the same time, the court denied the motion to dismiss with respect to certain allegedly disparaging statements that were made voluntarily, including in an affidavit. *Id.* at 884. Here, K&L has alleged that Precision made the challenged disclosures "voluntarily," and therefore were not shielded from liability. *Id.*; Am. Compl. ¶ 41. K&L also alleges that the disclosures were "inaccurate" and "misleading, Am. Compl. ¶¶ 41, 49-50, 78, 80, and therefore were not protected because they were not "relevant, pertinent, or material." *Ellis*, 581 F. Supp. 2d at 881.

Finally, Precision relies on *O'Brien & Gere Engineers, Inc. v. City of Salisbury*, in which an engineering firm sued the City of Salisbury for breach of a non-disparagement provision that was part of a settlement agreement. The City had brought suit against both the engineering firm and a construction manager related to the failure of a wastewater treatment plant, and the engineering firm's design flaws were relevant to the City's claims against both defendants. 113 A.3d 1129, 1148 (Md. App. 2015). The court found that the applicability of the litigation privilege depended on the particular "circumstances of th[e] case," and applied only "when the fair administration of justice warrants[.]" *Id.* at 1148, 1150. The court applied immunity under

9

the facts of the case where "[a] jury could not decide the 'truth' of the contract claim" without assessing the engineering firm's design work, and the construction manager, which was not bound by a non-disparagement provision, permissibly disparaged the engineering firm in the same lawsuit and introduced evidence of its design flaws, creating an otherwise incomplete record on the issue.  *Id.* The *O'Brien* court distinguished *Wentland v. Wass*, 126 Cal. App. 4th 1484 (2005), where the court held that the absolute litigation privilege did *not* immunize a breach of a non-disparagement agreement where applying the privilege "would not have promoted truthful testimony."  *Id.* at 1150.  Similarly, under the "circumstances of the case" here, K&L alleges that "the fair administration of justice" does not warrant application of witness immunity, as Precision's breach of the confidentiality provisions was not required in the proceedings in which it was disclosed, the issues would have been more accurately resolved without the misleading disclosures, and application of the privilege under the circumstances would not promote truthful testimony.  *Id.*; Am. Compl. ¶¶ 41, 49-50, 78, 80.

Because Precision's motion to dismiss raises factual issues about the circumstances of the disclosures, the motion to dismiss lacks merit and does not provide a basis for staying a Rule 26(f) discovery planning conference.

**B.      None of the Claims Are Subject to Arbitration, and Precision Misrepresents the Arbitrators' Findings**

In arguing that a discovery stay in this case is appropriate, Precision argues that the claims in this case are arbitrable, and inaccurately represents that "[n]early all of the claims alleged by Plaintiff in its Amended Complaint have already been held by an arbitration panel to be subject to arbitration[.]"  Defs.' Mot. to Stay 26(f) Obligations at 1.  In fact, however, the Panel found that a *single claim* was subject to arbitration, found that another claim was *not* subject to arbitration, did

10

not address the arbitrability of an issue Precision *conceded* is not subject to arbitration, and did not address the arbitrability of *any* of K&L's other claims against Precision.  *See* Arbitration Order (Dkt. #25-1).

Specifically, the Panel held that Precision's unjust enrichment claim against K&L for $485,558 in hosting charges is *not* arbitrable;[2] Precision has conceded that K&L's breach of confidentiality claim against Precision is not arbitrable;[3] and the Panel did not address the arbitrability of K&L's claims against Precision for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, or violation of the Lanham Act.  Arbitration Order (Dkt. #25-1); Am. Compl. ¶¶ 75-95.

The Panel found that a single claim is arbitrable – Precision's $2.45 million breach of contract claim against K&L for payment of the fees that the *In re Delta / AirTran Baggage Fee Antitrust Litigation* Court previously held were unreasonable. But Precision waived its right to arbitration, and waiver is an issue for the court, not the arbitrators.[4]  In addition, the Panel did not address whether Precision complied with the condition precedent of mediation, observing that K&L "has given no indication that if Precision [requested mediation under the Computer Forensics retainer] that K&L would have then participated in the process." Arbitration Order at 9 (Dkt. #25-1). But K&L has affirmatively requested that the parties mediate this dispute, and it is Precision

---

[2] Arbitration Order at 6, 8 (Dkt. #25-1) ("The [retainer] letter does not mention hosting and there was no direction from K&L regarding hosting").

[3] Defs.' Reply Mem. at 9 (Dkt #24).

[4] *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 13 (1st Cir. 2005) (holding that "there are important policy reasons why a court and not an arbitrator should decide waiver issues," including because "Judges are well-trained to recognize abusive forum shopping" and because "the inquiry heavily implicates '*judicial* procedures'").

who rejected mediation despite its contractual obligation to mediate before filing for arbitration. Email from D. Low to S. Cohen, *et al.* (May 17, 2016) (Ex. 2); Ex. 1 at 4 (reflecting mediation condition precedent).   In drawing this assumption against K&L, the Panel applied the wrong standard on a motion to compel arbitration.   *See McMullen v. Synchrony Bank*, No. 14-1983, 2016 WL 695989, at *3 (D.D.C. Feb. 19, 2016) ("'[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).[5]

Because at least some of K&L's claims in this case will proceed, there is no reason to stay a Rule 26(f) conference based on Precision's flawed arguments in favor of arbitrability.

**C.      The Court Should Order the Start of Discovery**

When the deadline for a Rule 26(f) conference has passed, and a party has refused to participate in the Rule 26(f) conference, a court order initiating discovery is warranted.   *See Mack-University LLC v. Halstead*, No. 07-393, 2007 WL 4458823, at *1 (C.D. Cal. Sept. 25, 2007).   In *Mack*, "[d]ue to [defendant's] utter failure to respond to any of Plaintiffs' attempts to schedule the Rule 26(f) conference, Plaintiffs were forced to file an *Ex Parte* Application for Expedited Discovery . . . . [which] the Court granted."   *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Precision's Motion to Stay should be denied.

---

[5] The Panel also declined to address the issue because it found that the argument was raised in a reply brief and therefore waived.  But arguments raised in a reply should be considered where, as here, the other party filed a sur-reply. *Ben-Koel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003); *Baloch v. Norton*, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007).  Moreover, jurisdictional arguments cannot be waived.

Dated:  May 30, 2016                   /s/ Daniel L. Low
                                       Daniel L. Low, DC Bar #480910
                                       Kotchen & Low LLP
                                       1745 Kalorama Road, NW, Suite 101
                                       Washington, DC 20009
                                       (202) 471-1995 (Tel.)
                                       (202) 280-1128 (Fax)
                                       dlow@kotchen.com

                                       COUNSEL FOR PLAINTIFF KOTCHEN & LOW LLP